UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CARLOS GUSTAVO COLMENAR
MATZAR,

                    Petitioner,

     v.

JULIO HERNANDEZ, et al.,

                    Respondents.

Case No. C26-2402-SKV

ORDER GRANTING IN PART
PETITION FOR WRIT OF HABEAS
CORPUS

Petitioner Carlos Colmenar Matzar is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Petitioner, through counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in which he asserts one ground for relief: that his re-detention, without notice or an opportunity to respond, after release from custody on an order of recognizance violates his constitutional right to due process under the Fifth Amendment to the United States Constitution. *See* Dkt. 1 at 11. He seeks immediate release from custody and injunctive relief barring re-detention without advance notice and adherence to certain procedures. *See id.* at 12. Respondents, in a return to the petition, do not respond to the claim Petitioner asserts. Instead, they observe that Petitioner may be a member of the "Bond Denial Class" certified in *Rodriguez*

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 1

*Vasquez v. Bostock* and propose that any relief granted should be limited to a bond redetermination hearing. *See* 349 F.R.D. 333, 365 (W.D. Wash. 2025); Dkt. 5 at 1–2. Having considered the petition, the return, Petitioner's reply, Dkt. 8, and the governing law, the Court finds that the Government's re-detention of Petitioner, without prior notice or an opportunity to be heard, violated his constitutional right to due process. Accordingly, the Court GRANTS the petition IN PART, and ORDERS that Petitioner be released from detention within **twenty-four (24) hours** on the same conditions that governed prior to his unlawful re-detention. The Court DENIES without prejudice Petitioner's request for injunctive relief.

I.    <u>BACKGROUND</u>

Petitioner is a native and citizen of Guatemala. *See* Dkt. 1-3 at 2. He last entered the United States, without inspection, on July 4, 2008. *See* Dkt. 1 at 2. On September 18, 2008, Petitioner and several family members were arrested by immigration officials at a relative's house during an operation targeting his uncle. *See id.* Petitioner was released the following day on an Order of Release on Recognizance ("OREC") and was issued a Notice to Appear ("NTA"). *See id.*; Dkts. 1-3, 1-5. In 2014, ICE cancelled the NTA. *See* Dkt. 6 at 2. The OREC required Petitioner to report for any hearing or interview as directed but left blank the section specifying reporting requirements. *See* Dkt. 1-5 at 2. It also required Petitioner to obtain advance permission to change address, refrain from violating any local, state, or federal laws or ordinances, and assist in obtaining any necessary travel documents. *See id.* Petitioner asserts that he was told to await further documentation, but he never received any after his release. *See* Dkt. 1 at 3.

After his release, Petitioner married a U.S. citizen and they had a child. *See id.* at 4. In 2017, Petitioner was convicted of driving under the influence of alcohol. *See* Dkt. 6 at 2. In

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 2

2025, Petitioner was arrested for driving under the influence of alcohol, but Petitioner asserts that the case was ultimately dismissed. *See id.*; Dkt. 8 at 3 n.1.

On June 21, 2026, ICE re-detained Petitioner during a targeted operation and served him with a new NTA. *See* Dkt. 6 at 2–3; Dkt. 7-4. There is no indication in the record that Petitioner's OREC was revoked.

## II.   DISCUSSION

Federal courts have authority to grant writs of habeas corpus to individuals detained in "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Yildirim v. Hermosillo*, No. C25-2696-KKE, 2026 WL 111358, at *1 (W.D. Wash. Jan. 15, 2026). Here, Petitioner argues that his re-detention constitutes deprivation of liberty without due process of law in violation of the Fifth Amendment to the United States Constitution. *See* Dkt. 1 at 11; U.S. Const. amend. V. He asserts that he was released on his own recognizance approximately eighteen years ago and re-detained without prior notice or a hearing. *See* Dkt. 1 at 8, 11.

In their Return, Respondents completely ignore Petitioner's due process claim. They essentially assert that Petitioner could have brought a different claim as a member of the *Rodriguez Vasquez* Bond Denial Class and ask that the Court limit any relief granted to a bond hearing.[1] *See* Dkt. 5 at 1–2.

Claims Petitioner could have brought, but chose not to, are not before the Court. The Court therefore limits its analysis to the due process claim Petitioner brought, and his arguments in support thereof, which stand entirely unopposed by Respondents.

---

[1] It is a stretch to classify the Return as a legal brief. It is limited to an introduction and a "Background" section devoid of responsive legal argument or analysis. *See* Dkt. 5.

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 3

The Due Process Clause of the Fifth Amendment prohibits the Government from depriving individuals of life, liberty, or property without due process. *See* U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). It is well established that due process rights extend "to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* at 693.

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty[.]'" *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). Procedural due process claims require a two-step analysis. The first step "asks whether there exists a liberty . . . interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Ledesma Gonzalez v. Bostock*, 808 F. Supp. 3d 1189, 1202 (W.D. Wash. 2025) (quoting *United States v. Juvenile Male*, 670 F.3d 999, 1013 (9th Cir. 2012)).

Due process is flexible and adequate procedural protections vary based on the circumstances. *Mathews*, 424 U.S. at 334. However, "[t]he fundamental requirement of [procedural] due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id.* at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). Courts look to the three-part test established in *Mathews v. Eldridge* to determine what procedures suffice. The *Mathews* test balances three factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 4

*Id.* at 335.

"In *Rodriguez Diaz v. Garland*, the Ninth Circuit assumed without deciding that *Mathews*' three-part test applies in 'the immigration detention context[,]'" and courts in this District routinely apply it in cases such as this one that involve re-detention after release. *Yildirim*, 2026 WL 111358, at *2 (citing *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206–07 (9th Cir. 2022)); *see, e.g.*, *Cabrera Perez, v. Hermosillo*, No. C25-2542-RSM, 2026 WL 100735, at *6 (W.D. Wash. Jan. 14, 2026); *see also Llanes Tellez v. Bondi*, No. 25-CV-08982-PCP, 2025 WL 3677937, at *5 (N.D. Cal. Dec. 18, 2025). The Court therefore considers the *Mathews* factors as applied to this case to evaluate whether Petitioner's re-detention comported with constitutional due process requirements.

A.      Private Interest

First, the Court considers the private interest affected by the official action. Freedom from detention "is the most elemental of liberty interests[.]" *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). Since his 2008 release on an OREC, Petitioner has lived in the community and built a family, which includes a U.S. citizen spouse and minor U.S. citizen child, relying upon "at least an implicit promise that . . . [release] will be revoked only if he fails to live up to the . . . [release] conditions." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). Conditional liberty is valuable, and its revocation undoubtedly "inflicts a 'grievous loss'" on Petitioner. *Id.* Even if the Government had initial discretion to detain or release Petitioner, its decision to release him triggered "a protected liberty interest in remaining out of custody[]" applicable here. *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025). Accordingly, the Court finds that Petitioner has a constitutionally protected interest in his continued liberty. The first *Mathews* factor weighs in Petitioner's favor.

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 5

B.      Risk of Erroneous Deprivation

Second, the Court considers the risk of erroneous deprivation of that interest through the procedures used, as well as the value of additional or substitute safeguards. Respondents provide no indication as to why Petitioner was re-detained. Respondents do not assert that Petitioner violated any conditions of his OREC or that his OREC was revoked. The I-213 form from the date of his re-detention bears no mention of his OREC. *See* Dkt. 7-3. That form also indicates in the criminal history section that, on April 5, 2026, Petitioner was convicted of driving under the influence and served 364 days in jail. *See id.* at 4. Deportation Officer Christopher Hubbard, in a declaration, essentially concedes that information was not corroborated by his check of law enforcement databases, which instead revealed that Petitioner has a 2017 conviction for driving under the influence that resulted in a sentence of 364 days of incarceration with 363 days suspended for a probationary term of five years. *See* Dkt. 6 at 2 & n.1. Deportation Officer Hubbard also acknowledges Petitioner's 2025 arrest for driving under the influence but states the disposition of that charge is "unclear." *Id.* at 2. Petitioner asserts that charge was dismissed without specifying when. *See* Dkt. 8 at 3 n.1.

While it is entirely unclear why Respondents re-detained Petitioner, to the extent that decision was premised on Respondents' understanding of his prior arrests reflected in the I-213 form, that understanding appears to be founded on information Deportation Officer Hubbard concedes was inaccurate or unclear. No pre- or post-re-detention procedures seem to have been applied in Petitioner's case. Additional safeguards—specifically, a meaningful, pre-deprivation opportunity to respond—would have permitted Petitioner to correct Respondents' erroneous understanding regarding criminal charges or old convictions (if those played a role in Respondents' re-detention decision). The complete omission of any pre-deprivation procedure

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 6

created a high risk that Petitioner's liberty would be erroneously deprived, and pre-deprivation process would have meaningfully reduced that risk. Accordingly, the second *Mathews* factor favors Petitioner.

C.      Government Interest

The third factor evaluates the Government's countervailing interests, including the function involved, and the fiscal or administrative burdens of additional or substitute safeguards. Respondents have not identified any Government interest or burdens that weighed against providing Petitioner with pre-deprivation process. To the extent Petitioner's 2017 conviction or 2025 arrest (with charges later dismissed) motivated his re-detention, Respondents have not identified any exigency that required Petitioner's immediate re-detention. Nor do Respondents point to any burden pre-deprivation process would have imposed on the Government. To the extent that affording pre-deprivation process through which Petitioner could have addressed his prior interactions with law enforcement, and any public safety implications, would have imposed additional burden on the Government, that burden is far outweighed by the important liberty interest at stake and risk of error manifested by Respondents' apparent confusion as to the date and disposition of Petitioner's criminal matters. The Court finds the Government's interest in re-detaining Petitioner with no pre-deprivation process was low. The third factor therefore also weighs in Petitioner's favor.

In sum, all three *Mathews* factors favor petitioner. The Court concludes that Petitioner has shown, by a preponderance of the evidence, that he is being unconstitutionally held. Due process entitled Petitioner to notice and a meaningful opportunity to respond before being deprived of his liberty interest in continued release. *See, e.g.*, *E.A. T.-B. v. Wamsley*, 795 F.

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 7

Supp. 3d 1316, 1324 (W.D. Wash. 2025). No such opportunity was afforded to him, and his constitutional right to due process was violated.

D.      Remedy

"In habeas cases, federal courts have broad discretion in conditioning a judgment granting relief," *Lujan v. Garcia*, 734 F.3d 917, 933 (9th Cir. 2013), and may dispose of habeas matters "as law and justice require," 28 U.S.C. § 2243. The Court concludes that immediate release is the most appropriate remedy for Petitioner's unconstitutional re-detention.

Petitioner also asks the Court to enjoin Respondents from re-detaining him without prior written notice of the basis for revocation of his OREC and a meaningful hearing before a neutral arbiter. *See* Dkt. 1 at 12. The Court DENIES without prejudice his request for injunctive relief because he has not argued the requirements of *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008).

III.      CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART the habeas petition at Docket No. 1 and ORDERS that Petitioner be released from custody within **twenty-four (24) hours** of this Order, subject to the same conditions of release that governed before he was re-detained. Within **forty-eight (48) hours** of the issuance of this Order, the Government is ORDERED to file a declaration confirming that Petitioner has been released. The Court DENIES without prejudice Petitioner's unbriefed request for an injunction prohibiting his re-detention absent

///

///

///

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 8

specific process. Any fee petition shall be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 5th day of August, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 9